UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BARRY NOLAN, <br>       Plaintiff | ) ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. |
| CN8, THE COMCAST NETWORK, <br> EILEEN DOLENTE, and <br> JON GORCHOW, <br>       Defendants | ) ) ) ) ) | |

## PETITION FOR REMOVAL

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants The Comcast Network, LLC (improperly pled as "CN8, The Comcast Network")[1] (hereinafter "Comcast"), Eileen Dolente ("Dolente"), and Jon Gorchow ("Gorchow") (collectively, "defendants") hereby remove to this Court the above action pending in the Superior Court Department of the Trial Court, Middlesex County, Massachusetts, as Docket No. 08-4361 (the "Action"). Removal of the Action is proper for the following reasons:

1.     On or about November 21, 2008, the plaintiff Barry Nolan ("Nolan") commenced the Action by filing a Complaint in the Middlesex County Superior Court.

2.     On December 10, 2008, Nolan served Summonses and Complaints on Dolente and Gorchow.  True and accurate copies of the Summonses, Complaints, Civil

---

[1] CN8 is a television channel on Comcast; it is not a separate legal entity.

Action Cover Sheets, and Tracking Orders are filed with this Petition in accordance with 28 U.S.C. § 1446(a) and are attached as Exhibit A.

3.     On December 15, 2008, Nolan served a Summons and Complaint on Comcast. True and accurate copies of the Summons, Complaint, Civil Action Cover Sheet, and Tracking Order are filed with this Petition in accordance with 28 U.S.C. § 1446(a) and are attached as Exhibit B.

4.     CN8 is improperly named as it is not a legal entity.

5.     Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over this Action because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs (Plaintiff's Civil Action Cover Sheet indicates that he seeks $1,207,620.00), and there is diversity of citizenship.   Nolan is a citizen of Massachusetts. Comcast is a Delaware corporation with its principal place of business in Pennsylvania. Dolente and Gorchow are citizens of Pennsylvania.

6.     All defendants are represented by the undersigned counsel, and all defendants consent to removal of this action.

6.     This Petition for Removal is filed with this Court on a timely basis as required by 28 U.S.C. § 1446(b), as it is brought within thirty (30) days of Nolan's service of the Complaints on the first-served defendant.

7.     Pursuant to 28 U.S.C § 1446(d), defendants will promptly serve this Petition for Removal upon Nolan and will file the Notice of this Petition for Removal with the Middlesex Superior Court in Massachusetts on a timely basis.

WHEREFORE, defendants The Comcast Network, LLC, Eileen Dolente, and Jon Gorchow respectfully request that the Action pending in Superior Court Department of

the Trial Court, Middlesex County, Massachusetts, as Docket No. 08-4361, be removed

and hereby is removed to this Court.

THE COMCAST NETWORK, LLC,
EILEEN DOLENTE, AND JON
GORCHOW
By their attorneys

Dated: December 30, 2008

Evan J. Shenkman BBO#650524
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
10 Madison Avenue, Suite 402
Morristown, New Jersey 07960
(973) 656-1600

## CERTIFICATE OF SERVICE

I, Evan J. Shenkman, hereby certify under the pains and penalties of perjury that on December 30, 2008, I served a copy of this Petition for Removal via hand delivery upon counsel for the plaintiff, Laura R. Studen, Esq., Burns & Levinson, LLP, 125 Summer Street, Boston, Massachusetts 02110-1624, and via FedEx upon the Clerk of the Superior Court, Middlesex County, Massachusetts.

Evan J. Shenkman

6889665.1 (OGLETREE)

3

# EXHIBIT A

TO PLAINTIFF'S ATTORNEY:  PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 08-4361

.......... MIDDLESEX .......... , ss
[seal]

Barry Nolan
.............................................. , Plaintiff(s)

v.

CN8, The Comcast Network, Eileen Dolente
and Jon Gorchow
.............................................. , Defendant(s)

## SUMMONS

To the above-named Defendant:   Eileen Dolente

You are hereby summoned and required to serve upon ..Laura..R...Student,..Esq.,..........................

Burns & Levinson LLP ............ plaintiff's attorney, whose address is ..125..Summer..Street..........

..Boston,..MA..02110 ................................................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ..200..Trade..Center.....

..Woburn,..MA
....................................................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a). your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse. Esquire, at .....Middlesex..Superior..Court................................

the ..twenty-fourth.............................. day of November...................................................

...................., in the year of our Lord ....2008............................. .

Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

.............................................................................................................................
.............................................................................................................................
.............................................................................................................................
.............................................................................................

Dated: ...................................................................................., 20..........

N.B.  TO PROCESS SERVER:
       PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
       ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

( _____  ..  _____  )

(       ............................................., 20.......... )

( .....  ..... ........ .. ...................  ...........  ..........  )

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 08-4361

MIDDLESEX ...... ss.

Barry Nolan ................. Plff.

v.

CN8, The Comcast Network,
Eileen Dolente, and John Gorchow ...... Deft.

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

Docket No.: 08-4361

BARRY NOLAN,  )
              Plaintiff  )
        v.  )
CN8, THE COMCAST NETWORK,  )
EILEEN DOLENTE, and  )
JON GORCHOW,  )
              Defendants.  )
                     )

## COMPLAINT AND
## DEMAND FOR A JURY TRIAL

Barry Nolan is a veteran television journalist, well-respected in his work and sought after for his commentary on matters of public concern. He was employed by CN8/The Comcast Network to host a show carrying his name, "Backstage with Barry Nolan," during which he spoke about and spoke out on matters of public concern. He was paid to share his opinions with CN8's audience. During five years of employment with CN8, he developed programs, supervised staff, and operated independently with regard to judgment, opinion, and standards. He operated with little direct supervision or feedback.

Nolan, like others in his trade, participated in professional activities and voiced his opinions within trade associations.

While his work was never a cause of concern, on May 20, 2008, CN8 nonetheless terminated Nolan from his employment. The Station did so because Nolan spoke out as a member of his trade association against the organization's granting an award to a television personality he believed lacked the sort of professional integrity, and fairmindedness and grasp of facts, for which journalists should be known. Ironically, then, CN8 terminated Nolan for the

entirely appropriate expression of his own views on a matter of journalistic integrity within his own trade association.

As such, this media outlet violated the very Constitutional principles upon which the press relies for its ability to speak freely and fetter out truth. Now, CN8 will say that they warned him and told him to be quiet – or else. That they did.

Nolan's termination for refusing to stay mute on an issue of public interest in which CN8 had no interest (financial or otherwise) is a violation of Nolan's State Civil Rights as codified at Mass.Gen.Laws ch.12, s.11I.

## PARTIES

1.      Barry Nolan ("Nolan") is an individual residing at 112 Nonantum Street, Newton, Middlesex County, Massachusetts, 02458.

2.      CN8 Comcast Network is a corporation having its primary place of business at 1500 Market Street, Philadelphia, PA. Comcast of New Jersey, LLC, d.b.a. CN8, The Comcast Network ("CN8"), employed Nolan at its CN8 Network Station located at 179 Amory Street, Brookline, Norfolk County, Massachusetts, 02446.

3.      Eileen S. Dolente ("Dolente") is an individual residing at 10 Allyssa Drive, Media, PA 19063-4547, and at all times relevant to this Complaint was employed by CN8 as the Senior Director of Network Programming and the designated direct supervisor of Nolan.

4.      Jonathan R. Gorchow ("Gorchow") is an individual residing at 501 Hicks Road, Westgrove, PA19590-9033, and at all times relevant to this Complaint was employed by CN8 as the Vice President and General Manager of the CN8 Network Station located at 179 Amory Street, Brookline, Norfolk County, Massachusetts, 02446.

2

FACTS

5.      At all times relevant to this Complaint, Nolan was an Employee of CN8 providing

unique and original services as host and executive producer of "Backstage with Barry Nolan" at

the CN8 Network Station in Brookline, Massachusetts.

6.      On April 10, 2007, Nolan executed an Employment Agreement with Comcast of

New Jersey, LLC (d.b.a. CN8, The Comcast Network) ("CN8" or "the Station") providing, inter

alia, for two consecutive one year terms of employment; year one of the term running from

5/06/07-5/3/08 and year two of the term running from 5/4/08-5/02/09.

7.      On May 20, 2008, the Defendants wrongfully terminated Nolan's employment in

violation of his rights under the Massachusetts Civil Rights Act (MCRA), Mass.Gen.Laws

Ann.ch.12, s. 11I.

8.      Nolan's employment with CN8 involved his engaging in lively dialogue on any

number of controversial subjects.  He operated with little direct supervision or feedback.  He was

responsible for a program with a total budget in excess of a million dollars, and he developed

programs, supervised staff, and operated independently with regard to judgment, opinion, and

standards.

9.      Since 2003, Nolan had been an active member of the Boston Chapter of the

National Academy of Television Arts & Sciences ("NATAS").  As part of his membership in

that association, he participates in awards competitions and ceremonies.

10.     In 2008, as it did annually, NATAS announced a recipient of its prestigious

Governor's Award.  The award is given to a journalist who represent the best of what the press

offers society: truthful commentary, insightful reporting and important public dialogue on

matters of concern.

11.     Nolan learned that William O'Reilly ("O'Reilly") was to be given the award. He was shocked. Over the years, Nolan had watched O'Reilly and come to the informed opinion that his was a public presence that degraded journalistic standards of fairness, accuracy and integrity and that did a disservice to the public in the manner in which he presented issues of public concern.

12.     Nolan expressed his opinion about the choice of O'Reilly for the award and, within the association, organized a protest against it.

13.     CN8 has no interest, economic or otherwise, on the matter of O'Reilly's selection for the Governor's Award by NATAS, a professional organization in which Nolan maintains personal membership.

14.     Nolan's conduct was part of his participation in his professional association and his beliefs as a member of the press.

15.     Notwithstanding, CN8 admonished Nolan and threatened his employment if he continued to participate in his professional association and express his opinions in that forum. In particular, Dolente approached Nolan and, by use of intimidation and economic coercion regarding his continued employment, commanded that he not "make a scene" against O'Reilly at the Ceremony, a command that had the effect, intended or otherwise, of coercing and chilling Nolan's exercise of his state protected constitution right to free speech.

16.     On May 10, 2008, NATAS held an awards ceremony at which it honored O'Reilly and gave him the regional Governor's Award. Nolan offered reasonable protest at that time. He quietly distributed factual information about O'Reilly in the form of a handout which contained public statements made by O'Reilly and facts about O'Reilly that were in the public domain, but contained no statement of opinion by Nolan. When asked to do so, he immediately

4

stopped distributing the handout. In addition, he had a private exchange with Timothy Eagan, the President of the New England Chapter of NATAS. The private conversation, which was initiated by Eagan, was in no measure either disruptive or embarrassing or made public.

17.     Nolan's conduct and opinion regarding O'Reilly did not cause embarrassment, public discredit, ridicule or scandal to CN8, as Nolan's opinion was shared by many others, including certain members of the NATAS Board, Gorchow, (Nolan's previous supervisor), and well regarded industry colleagues.

18.     After that event, in retaliation for Nolan's exercising his constitutional protected civil rights, the Defendants placed him on "suspension without pay" for 10 days, with further intimidating warnings regarding termination of his employment.

19.     During his suspension, Nolan sought direction from Dolente regarding a request he received for reporting assistance for EXTRA (a media outlet with which CN8 had a cooperative working arrangement) in relation to a breaking news story regarding Ted Kennedy's hospitalization. Nolan had received such requests in the past and not never before been denied a role in assisting EXTRA. Nolan believed his consultation with Dolente was a mere formality, given past practices.

20.     On May 17, 2008, Dolente sent Nolan an email re: "Ted Kennedy-EXTRA questions" in which she approved by stating, "I know YM ("Your Morning") is on this and agree that we should assist as you suggest." Nolan then proceeded to make the commitment. Subsequently, Nolan received a further email from Dolente suggesting that it would be her "preference" that he pass on the commitment until he was back on the air the following week.

21.     Having made the commitment, and reading "preference" not to be an unequivocal command, Nolan did what he had professionally committed to do.  To do otherwise would have certainly brought CN8 embarrassment, ridicule, and discredit.

22.     On May 20, 2008, CN8 terminated Nolan's employment, pretextually arguing that this single incident showed insubordination and verified his dismissal.  In other words, CNB used this incident to make good on the threats they had made against Nolan for exercising his free speech and freedom of association rights.

23.     The American Civil Liberties Union of Massachusetts condemned CN8 for firing Nolan because he expressed his personal opinion that an award to Fox News' Bill O'Reilly injures the reputation of journalists and the industry, and  the ACLU characterized the decision by CN8 to terminate Nolan's contract as a punitive measure designed to chill those reporters who speak out against attempts to distort the news in service to political ideology, as does O'Reilly.

24.     Independent journalism, whereby a reporter cannot be bought or intimidated, is a matter of great value to the public, and a matter of grave public concern.

25.     At all times, Barry Nolan exercised his right to express his opinion to a broad segment of the public in an effort to uphold the highest standards in journalism, and to act for the better good of CN8, the network, and the industry.  This is precisely the type of independent journalism that CN8 hired him to engage in during "Backstage with Barry Nolan".

26.     Nolan was terminated approximately two weeks into the second year of his two year contract.

27.     The Defendants' conduct breached Nolan's secured rights under the Massachusetts Civil Rights Statute.

28. This termination has caused him economic harm by loss of rights secured by his contract of employment, and other consequential damages.

COUNT 1

Violation of Massachusetts Civil Rights Act (MCRA)

29. Plaintiff incorporates as if fully set forth herein, paragraphs 1-28.

30. Plaintiff is entitled to protection against interference by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment of rights secured by the constitution or laws of the Commonwealth of Massachusetts.

31. Plaintiff has suffered damages as a result of his wrongful discharge for which he is entitled to recover injunctive relief, an award of compensatory money damages, an award of the costs of the litigation and reasonable attorneys' fees.


WHEREFORE, Plaintiff Barry Nolan prays this Court:

A. Enter a judgment in Plaintiff's favor on all counts of this Complaint;

B. Award Plaintiff all damages that he proves at trial to have suffered as a result of the Defendants' conduct;

C. Award Plaintiff all costs, expenses and attorneys' fees he incurred in prosecuting his claims;

D. Award Plaintiff all such other and further relief as justice may so require.

Plaintiff hereby demands a trial by jury on all claims so triable.

Respectfully Submitted,

Barry Nolan, by his Attorneys

Laura R. Studen, Esq., BBO #561835
Ellen J. Zucker, Esq., BBO #568051
BURNS & LEVINSON, LLP
125 Summer Street
Boston, MA 02110-1624
Telephone: 617-345-3000
Facsimile: 617-345-3299

Dated: November 21. 2008

J:\Docs\42168\00000\01279685.DOC

8

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 08-4361 | Trial Court of Massachusetts Superior Court Department County: Middlesex |
|---|---|---|

**PLAINTIFF(S)**
Barry Nolan

**DEFENDANT(S)**
CN8, The Comcast Network, Eileen Dolente, Jon Gorchow

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** 617-345-3000
Laura Studen (BBO# 561835) Ellen Zucker
(BBO# 568051) Burns & Levinson, LLP, 125
Summer Street, Boston, MA 02110
Board of Bar Overseers number:

**ATTORNEY (if known)**
Andrew C. Topping, One Comcast Center
Philadelphia, PA 19103

**Origin code and track designation**

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E17 | G.L.c.12§11(I) | ( A ) | ( X ) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
                                                                    Subtotal $. . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . $207,620. . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . $. . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
F. Other documented items of damages (describe)

                                                                    $. . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Injunctive and other apppropriate equitable relief, including
compensatory money damage
                                                        $1,000,000. . . .
                                            TOTAL $1,207,620. . . .

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                        TOTAL $. . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
                    None

".....reby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____                    DATE: 11/31/08

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# Commonwealth of Massachusetts
## County of Middlesex
### The Superior Court

CIVIL DOCKET # MICV2008-04361-H

Courtroom Civil H - Ct Rm 520- 200 TradeCenter, Woburn

RE:   Nolan v CN8 Comcast Network et al

TO:   Laura R Studen, Esquire
      Burns & Levinson LLP
      125 Summer Street
      Boston, MA 02110-1624

### SCHEDULING ORDER FOR A TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue by **11/09/2011**

### STAGES OF LITIGATION — DEADLINES

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 02/22/2009 | 02/22/2009 | |
| Response to the complaint filed (also see MRCP 12) | | 03/24/2009 | |
| All motions under MRCP 12, 19, and 20 | 03/24/2009 | 04/23/2009 | 05/23/2009 |
| All motions under MRCP 15 | 01/18/2010 | 02/17/2010 | 02/17/2010 |
| All discovery requests and depositions served and non-expert depositions completed | 11/14/2010 | | |
| All motions under MRCP 56 | 12/14/2010 | 01/13/2011 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/13/2011 |
| Case shall be resolved and judgment shall issue by 11/09/2011 | | | 11/09/2011 |

- The final pre-trial deadline is <u>not the scheduled date of the conference</u>.
- You will be notified of that date at a later time.
- Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

Dated: 11/26/2008

Michael A. Sullivan
Clerk of the Court

Telephone: 781-939-2772

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

MIDDLESEX ............... , ss

No.      08-4361

Barry Nolan
.............................................. , Plaintiff(s)

v.

CN8 The Comcast Network, Eileen Dolente
and Jon Gorchow
......................................... . Defendant(s)

## SUMMONS

To the above-named Defendant:     **Jon Gorchow**

You are hereby summoned and required to serve upon .......Laura R. Studen, Esq............................

Burns & Levinson LLP ............ plaintiff's attorney, whose address is ...125 Summer Street ....

Boston, MA ........................................................................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at 200 Trade Center .....

Woburn, MA .............................................................. either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse,** Esquire, at Middlesex Superior Court...........................................

the ............... twenty-fourth ........................ day of ...... November ...........................................

...................... in the year of our Lord .2008..................................... .

....................................................
Clerk

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .................................................................................................
20.......... I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

.................................................................................................................................................................

.................................................................................................................................................................

.................................................................................................................................................................

.................................................................................................

Dated: ............................................................................................... 20..........

**N.B.  TO PROCESS SERVER:**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX**
**ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

(  .................................................................................................  )

(  ..............................................., 20..........  )

(  .................................................................................................  )

---

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 08-4361

MIDDLESEX .......... ss.

Barry Nolan .................... Pltf.

v.

CN8 The Comcast Network
Eileen Dolente and John Gorghan Deft.

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

Docket No. : 08-4361

BARRY NOLAN,                          )
                    Plaintiff         )
        v.                            )
CN8, THE COMCAST NETWORK,             )
EILEEN DOLENTE, and                   )
JON GORCHOW,                          )
                    Defendants.       )
                                      )

## COMPLAINT AND
## DEMAND FOR A JURY TRIAL

Barry Nolan is a veteran television journalist, well-respected in his work and sought after

for his commentary on matters of public concern.  He was employed by CN8/The Comcast

Network to host a show carrying his name, "Backstage with Barry Nolan," during which he

spoke about and spoke out on matters of public concern.  He was paid to share his opinions with

CN8's audience.  During five years of employment with CN8, he developed programs,

supervised staff, and operated independently with regard to judgment, opinion, and standards.

He operated with little direct supervision or feedback.

Nolan, like others in his trade, participated in professional activities and voiced his

opinions within trade associations.

While his work was never a cause of concern, on May 20, 2008, CN8 nonetheless

terminated Nolan from his employment.  The Station did so because Nolan spoke out as a

member of his trade association against the organization's granting an award to a television

personality he believed lacked the sort of professional integrity, and fairmindedness and grasp of

facts, for which journalists should be known.   Ironically, then, CN8 terminated Nolan for the

entirely appropriate expression of his own views on a matter of journalistic integrity within his own trade association.

As such, this media outlet violated the very Constitutional principles upon which the press relies for its ability to speak freely and fetter out truth. Now, CN8 will say that they warned him and told him to be quiet – or else. That they did.

Nolan's termination for refusing to stay mute on an issue of public interest in which CN8 had no interest (financial or otherwise) is a violation of Nolan's State Civil Rights as codified at Mass.Gen.Laws ch.12, s.11I.

## PARTIES

1.     Barry Nolan ("Nolan") is an individual residing at 112 Nonantum Street, Newton, Middlesex County, Massachusetts, 02458.

2.     CN8 Comcast Network is a corporation having its primary place of business at 1500 Market Street, Philadelphia, PA. Comcast of New Jersey, LLC, d.b.a. CN8, The Comcast Network ("CN8"), employed Nolan at its CN8 Network Station located at 179 Amory Street, Brookline, Norfolk County, Massachusetts, 02446.

3.     Eileen S. Dolente ("Dolente") is an individual residing at 10 Allyssa Drive, Media, PA 19063-4547, and at all times relevant to this Complaint was employed by CN8 as the Senior Director of Network Programming and the designated direct supervisor of Nolan.

4.     Jonathan R. Gorchow ("Gorchow") is an individual residing at 501 Hicks Road, Westgrove, PA19590-9033, and at all times relevant to this Complaint was employed by CN8 as the Vice President and General Manager of the CN8 Network Station located at 179 Amory Street, Brookline, Norfolk County, Massachusetts, 02446.

2

FACTS

5.      At all times relevant to this Complaint, Nolan was an Employee of CN8 providing unique and original services as host and executive producer of "Backstage with Barry Nolan" at the CN8 Network Station in Brookline, Massachusetts.

6.      On April 10, 2007, Nolan executed an Employment Agreement with Comcast of New Jersey, LLC (d.b.a. CN8, The Comcast Network) ("CN8" or "the Station") providing, inter alia, for two consecutive one year terms of employment; year one of the term running from 5/06/07-5/3/08 and year two of the term running from 5/4/08-5/02/09.

7.      On May 20, 2008, the Defendants wrongfully terminated Nolan's employment in violation of his rights under the Massachusetts Civil Rights Act (MCRA), Mass.Gen.Laws Ann.ch.12, s. 11I.

8.      Nolan's employment with CN8 involved his engaging in lively dialogue on any number of controversial subjects. He operated with little direct supervision or feedback. He was responsible for a program with a total budget in excess of a million dollars, and he developed programs, supervised staff, and operated independently with regard to judgment, opinion, and standards.

9.      Since 2003, Nolan had been an active member of the Boston Chapter of the National Academy of Television Arts & Sciences ("NATAS"). As part of his membership in that association, he participates in awards competitions and ceremonies.

10.      In 2008, as it did annually, NATAS announced a recipient of its prestigious Governor's Award. The award is given to a journalist who represent the best of what the press offers society: truthful commentary, insightful reporting and important public dialogue on matters of concern.

11. Nolan learned that William O'Reilly ("O'Reilly") was to be given the award. He was shocked. Over the years, Nolan had watched O'Reilly and come to the informed opinion that his was a public presence that degraded journalistic standards of fairness, accuracy and integrity and that did a disservice to the public in the manner in which he presented issues of public concern.

12. Nolan expressed his opinion about the choice of O'Reilly for the award and, within the association, organized a protest against it.

13. CN8 has no interest, economic or otherwise, on the matter of O'Reilly's selection for the Governor's Award by NATAS, a professional organization in which Nolan maintains personal membership.

14. Nolan's conduct was part of his participation in his professional association and his beliefs as a member of the press.

15. Notwithstanding, CN8 admonished Nolan and threatened his employment if he continued to participate in his professional association and express his opinions in that forum. In particular, Dolente approached Nolan and, by use of intimidation and economic coercion regarding his continued employment, commanded that he not "make a scene" against O'Reilly at the Ceremony, a command that had the effect, intended or otherwise, of coercing and chilling Nolan's exercise of his state protected constitution right to free speech.

16. On May 10, 2008, NATAS held an awards ceremony at which it honored O'Reilly and gave him the regional Governor's Award. Nolan offered reasonable protest at that time. He quietly distributed factual information about O'Reilly in the form of a handout which contained public statements made by O'Reilly and facts about O'Reilly that were in the public domain, but contained no statement of opinion by Nolan. When asked to do so, he immediately

4

stopped distributing the handout. In addition, he had a private exchange with Timothy Eagan, the President of the New England Chapter of NATAS. The private conversation, which was initiated by Eagan, was in no measure either disruptive or embarrassing or made public.

17. Nolan's conduct and opinion regarding O'Reilly did not cause embarrassment, public discredit, ridicule or scandal to CN8, as Nolan's opinion was shared by many others, including certain members of the NATAS Board, Gorchow, (Nolan's previous supervisor), and well regarded industry colleagues.

18. After that event, in retaliation for Nolan's exercising his constitutional protected civil rights, the Defendants placed him on "suspension without pay" for 10 days, with further intimidating warnings regarding termination of his employment.

19. During his suspension, Nolan sought direction from Dolente regarding a request he received for reporting assistance for EXTRA (a media outlet with which CN8 had a cooperative working arrangement) in relation to a breaking news story regarding Ted Kennedy's hospitalization. Nolan had received such requests in the past and not never before been denied a role in assisting EXTRA. Nolan believed his consultation with Dolente was a mere formality, given past practices.

20. On May 17, 2008, Dolente sent Nolan an email re: "Ted Kennedy-EXTRA questions" in which she approved by stating, "I know YM ("Your Morning") is on this and agree that we should assist as you suggest." Nolan then proceeded to make the commitment. Subsequently, Nolan received a further email from Dolente suggesting that it would be her "preference" that he pass on the commitment until he was back on the air the following week.

5

21.     Having made the commitment, and reading "preference" not to be an unequivocal command, Nolan did what he had professionally committed to do.  To do otherwise would have certainly brought CN8 embarrassment, ridicule, and discredit.

22.     On May 20, 2008, CN8 terminated Nolan's employment, pretextually arguing that this single incident showed insubordination and verified his dismissal.  In other words, CNB used this incident to make good on the threats they had made against Nolan for exercising his free speech and freedom of association rights.

23.     The American Civil Liberties Union of Massachusetts condemned CN8 for firing Nolan because he expressed his personal opinion that an award to Fox News' Bill O'Reilly injures the reputation of journalists and the industry, and  the ACLU characterized the decision by CN8 to terminate Nolan's contract as a punitive measure designed to chill those reporters who speak out against attempts to distort the news in service to political ideology, as does O'Reilly.

24.     Independent journalism, whereby a reporter cannot be bought or intimidated, is a matter of great value to the public, and a matter of grave public concern.

25.     At all times, Barry Nolan exercised his right to express his opinion to a broad segment of the public in an effort to uphold the highest standards in journalism, and to act for the better good of CN8, the network, and the industry.  This is precisely the type of independent journalism that CN8 hired him to engage in during "Backstage with Barry Nolan".

26.     Nolan was terminated approximately two weeks into the second year of his two year contract.

27.     The Defendants' conduct breached Nolan's secured rights under the Massachusetts Civil Rights Statute.

28.     This termination has caused him economic harm by loss of rights secured by his contract of employment, and other consequential damages.

## COUNT 1

### Violation of Massachusetts Civil Rights Act (MCRA)

29.     Plaintiff incorporates as if fully set forth herein, paragraphs 1-28.

30.     Plaintiff is entitled to protection against interference by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment of rights secured by the constitution or laws of the Commonwealth of Massachusetts.

31.     Plaintiff has suffered damages as a result of his wrongful discharge for which he is entitled to recover injunctive relief, an award of compensatory money damages, an award of the costs of the litigation and reasonable attorneys' fees.


WHEREFORE, Plaintiff Barry Nolan prays this Court:

A.     Enter a judgment in Plaintiff's favor on all counts of this Complaint;

B.     Award Plaintiff all damages that he proves at trial to have suffered as a result of the Defendants' conduct;

C.     Award Plaintiff all costs, expenses and attorneys' fees he incurred in prosecuting his claims;

D.     Award Plaintiff all such other and further relief as justice may so require.

Plaintiff hereby demands a trial by jury on all claims so triable.

Respectfully Submitted,

Barry Nolan, by his Attorneys

Laura R. Studen, Esq., BBO #561835
Ellen J. Zucker, Esq., BBO #568051
BURNS & LEVINSON, LLP
125 Summer Street
Boston, MA 02110-1624
Telephone: 617-345-3000
Facsimile: 617-345-3299

Dated: November 21, 2008

J:\Docs\42168\00000\01279685.DOC

| CIVIL ACTION COVER SHEET | DOCKET NO.(S)<br>08-4361 | Trial Court of Massachusetts<br>Superior Court Department<br>County: Middlesex |
|---|---|---|

| PLAINTIFF(S)<br>Barry Nolan | DEFENDANT(S)<br>CN8, The Comcast Network, Eileen Dolente,<br>Jon Gorchow |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 617-345-3000<br>Laura Studen (BBO# 561835)Ellen Zucker<br>(BBO# 568051) Burns & Levinson,LLP, 125<br>Summer Street, Boston, MA 02110<br>Board of Bar Overseers number: | ATTORNEY (if known)<br>Andrew C. Topping, One Comcast Center<br>Philadelphia, PA 19103 |

## Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E17 | G.L.c.12§11(I) | ( A ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
                                                                                            Subtotal $. . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $207,620
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
F. Other documented items of damages (describe)

                                                                                            $. . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Injunctive and other apppropriate equitable relief, including
   compensatory money damage

                                                                                            $1,000,000 . . . .
                                                                                    TOTAL $1,207,620 . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                                                    TOTAL $. . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
                                None

". . .reby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 11/21/08

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET # MICV2008-04361-H

Courtroom Civil H - Ct Rm 520- 200 TradeCenter, Woburn

RE:   Nolan v CN8 Comcast Network et al

TO:   Laura R Studen, Esquire
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110-1624

### SCHEDULING ORDER FOR A  TRACK

_____   You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue by **11/09/2011**

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 02/22/2009 | 02/22/2009 | |
| Response to the complaint filed (also see MRCP 12) | | 03/24/2009 | |
| All motions under MRCP 12, 19, and 20 | 03/24/2009 | 04/23/2009 | 05/23/2009 |
| All motions under MRCP 15 | 01/18/2010 | 02/17/2010 | 02/17/2010 |
| All discovery requests and depositions served and non-expert depositions completed | 11/14/2010 | | |
| All motions under MRCP 56 | 12/14/2010 | 01/13/2011 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/13/2011 |
| Case shall be resolved and judgment shall issue by **11/09/2011** | | | 11/09/2011 |

- The final pre-trial deadline is not the scheduled date of the conference.
- You will be notified of that date at a later time.
- Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

Dated: 11/26/2008

Michael A. Sullivan
Clerk of the Court

Telephone: 781-939-2772

# EXHIBIT B

12/15/2008 01:21 FAX                                                      ☑003

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX .................... , ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 08-4361

Barry Nolan
.............................. , Plaintiff(s)

CN8 The Comcast Network, Eileen Dolente
and Jon Gorchow
......................... , Defendant(s)

## SUMMONS

To the above-named Defendant: CN8 The Comcast Network

You are hereby summoned and required to serve upon Laura R. Studen, Esq. ............................

...... Burns & Levinson LLP ...... plaintiff's attorney, whose address is ..125..Summer..Street.......

.... Boston, MA .................................................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ..200..Trade..Center....

........ Woburn, MA ........................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at ...Middlesex Superior Court.............................

the ..Twenty-fourth............................... day of ..November...............................

....................., in the year of our Lord ...2008................................ .

.................................
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP.— 001.

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...............................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

.................................................................................................................................

.................................................................................................................................

.................................................................................................................................

                                        .......................................................................

Dated: ...................................................................................., 20.........

N.B.  TO PROCESS SERVER:
       PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
       ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

( _____ )

( ................................, 20......... )

( _____ )

COMMONWEALTH OF MASSACHUSETTS.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.  08-4361

MIDDLESEX ...... ss.

Barry Nolan ......................, Plff.

v.
CN8 The Comcast Network
Eileen DoIente and Jon Gorchow ..., Deft.

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

Docket No.: 08-4361

BARRY NOLAN, )
          Plaintiff )
    v. )
CN8, THE COMCAST NETWORK, )
EILEEN DOLENTE, and )
JON GORCHOW, )
          Defendants. )
                              )

## COMPLAINT AND
## DEMAND FOR A JURY TRIAL

Barry Nolan is a veteran television journalist, well-respected in his work and sought after for his commentary on matters of public concern. He was employed by CN8/The Comcast Network to host a show carrying his name, "Backstage with Barry Nolan," during which he spoke about and spoke out on matters of public concern. He was paid to share his opinions with CN8's audience. During five years of employment with CN8, he developed programs, supervised staff, and operated independently with regard to judgment, opinion, and standards. He operated with little direct supervision or feedback.

Nolan, like others in his trade, participated in professional activities and voiced his opinions within trade associations.

While his work was never a cause of concern, on May 20, 2008, CN8 nonetheless terminated Nolan from his employment. The Station did so because Nolan spoke out as a member of his trade association against the organization's granting an award to a television personality he believed lacked the sort of professional integrity, and fairmindedness and grasp of facts, for which journalists should be known. Ironically, then, CN8 terminated Nolan for the

entirely appropriate expression of his own views on a matter of journalistic integrity within his own trade association.

As such, this media outlet violated the very Constitutional principles upon which the press relies for its ability to speak freely and fetter out truth. Now, CN8 will say that they warned him and told him to be quiet – or else. That they did.

Nolan's termination for refusing to stay mute on an issue of public interest in which CN8 had no interest (financial or otherwise) is a violation of Nolan's State Civil Rights as codified at Mass.Gen.Laws ch.12, s.11I.

## PARTIES

1.      Barry Nolan ("Nolan") is an individual residing at 112 Nonantum Street, Newton, Middlesex County, Massachusetts, 02458.

2.      CN8 Comcast Network is a corporation having its primary place of business at 1500 Market Street, Philadelphia, PA. Comcast of New Jersey, LLC, d.b.a. CN8, The Comcast Network ("CN8"), employed Nolan at its CN8 Network Station located at 179 Amory Street, Brookline, Norfolk County, Massachusetts, 02446.

3.      Eileen S. Dolente ("Dolente") is an individual residing at 10 Allyssa Drive, Media, PA 19063-4547, and at all times relevant to this Complaint was employed by CN8 as the Senior Director of Network Programming and the designated direct supervisor of Nolan.

4.      Jonathan R. Gorchow ("Gorchow") is an individual residing at 501 Hicks Road, Westgrove, PA 19590-9033, and at all times relevant to this Complaint was employed by CN8 as the Vice President and General Manager of the CN8 Network Station located at 179 Amory Street, Brookline, Norfolk County, Massachusetts, 02446.

2

## FACTS

5.    At all times relevant to this Complaint, Nolan was an Employee of CN8 providing unique and original services as host and executive producer of "Backstage with Barry Nolan" at the CN8 Network Station in Brookline, Massachusetts.

6.    On April 10, 2007, Nolan executed an Employment Agreement with Comcast of New Jersey, LLC (d.b.a. CN8, The Comcast Network) ("CN8" or "the Station") providing, inter alia, for two consecutive one year terms of employment; year one of the term running from 5/06/07-5/3/08 and year two of the term running from 5/4/08-5/02/09.

7.    On May 20, 2008, the Defendants wrongfully terminated Nolan's employment in violation of his rights under the Massachusetts Civil Rights Act (MCRA), Mass.Gen.Laws Ann.ch.12, s. 11I.

8.    Nolan's employment with CN8 involved his engaging in lively dialogue on any number of controversial subjects. He operated with little direct supervision or feedback. He was responsible for a program with a total budget in excess of a million dollars, and he developed programs, supervised staff, and operated independently with regard to judgment, opinion, and standards.

9.    Since 2003, Nolan had been an active member of the Boston Chapter of the National Academy of Television Arts & Sciences ("NATAS"). As part of his membership in that association, he participates in awards competitions and ceremonies.

10.    In 2008, as it did annually, NATAS announced a recipient of its prestigious Governor's Award. The award is given to a journalist who represent the best of what the press offers society: truthful commentary, insightful reporting and important public dialogue on matters of concern.

3

11.     Nolan learned that William O'Reilly ("O'Reilly") was to be given the award. He was shocked. Over the years, Nolan had watched O'Reilly and come to the informed opinion that his was a public presence that degraded journalistic standards of fairness, accuracy and integrity and that did a disservice to the public in the manner in which he presented issues of public concern.

12.     Nolan expressed his opinion about the choice of O'Reilly for the award and, within the association, organized a protest against it.

13.     CN8 has no interest, economic or otherwise, on the matter of O'Reilly's selection for the Governor's Award by NATAS, a professional organization in which Nolan maintains personal membership.

14.     Nolan's conduct was part of his participation in his professional association and his beliefs as a member of the press.

15.     Notwithstanding, CN8 admonished Nolan and threatened his employment if he continued to participate in his professional association and express his opinions in that forum. In particular, Dolente approached Nolan and, by use of intimidation and economic coercion regarding his continued employment, commanded that he not "make a scene" against O'Reilly at the Ceremony, a command that had the effect, intended or otherwise, of coercing and chilling Nolan's exercise of his state protected constitution right to free speech.

16.     On May 10, 2008, NATAS held an awards ceremony at which it honored O'Reilly and gave him the regional Governor's Award. Nolan offered reasonable protest at that time. He quietly distributed factual information about O'Reilly in the form of a handout which contained public statements made by O'Reilly and facts about O'Reilly that were in the public domain, but contained no statement of opinion by Nolan. When asked to do so, he immediately

4

stopped distributing the handout.  In addition, he had a private exchange with Timothy Eagan, the President of the New England Chapter of NATAS.  The private conversation, which was initiated by Eagan, was in no measure either disruptive or embarrassing or made public.

17.     Nolan's conduct and opinion regarding O'Reilly did not cause embarrassment, public discredit, ridicule or scandal to CN8, as Nolan's opinion was shared by many others, including certain members of the NATAS Board, Gorchow, (Nolan's previous supervisor), and well regarded industry colleagues.

18.     After that event, in retaliation for Nolan's exercising his constitutional protected civil rights, the Defendants placed him on "suspension without pay" for 10 days, with further intimidating warnings regarding termination of his employment.

19.     During his suspension, Nolan sought direction from Dolente regarding a request he received for reporting assistance for EXTRA (a media outlet with which CN8 had a cooperative working arrangement) in relation to a breaking news story regarding Ted Kennedy's hospitalization.  Nolan had received such requests in the past and not never before been denied a role in assisting EXTRA.  Nolan believed his consultation with Dolente was a mere formality, given past practices.

20.     On May 17, 2008, Dolente sent Nolan an email re: "Ted Kennedy-EXTRA questions" in which she approved by stating, "I know YM ("Your Morning") is on this and agree that we should assist as you suggest."  Nolan then proceeded to make the commitment. Subsequently, Nolan received a further email from Dolente suggesting that it would be her "preference" that he pass on the commitment until he was back on the air the following week.

21.     Having made the commitment, and reading "preference" not to be an unequivocal command, Nolan did what he had professionally committed to do.  To do otherwise would have certainly brought CN8 embarrassment, ridicule, and discredit.

22.     On May 20, 2008, CN8 terminated Nolan's employment, pretextually arguing that this single incident showed insubordination and verified his dismissal.  In other words, CNB used this incident to make good on the threats they had made against Nolan for exercising his free speech and freedom of association rights.

23.     The American Civil Liberties Union of Massachusetts condemned CN8 for firing Nolan because he expressed his personal opinion that an award to Fox News' Bill O'Reilly injures the reputation of journalists and the industry, and the ACLU characterized the decision by CN8 to terminate Nolan's contract as a punitive measure designed to chill those reporters who speak out against attempts to distort the news in service to political ideology, as does O'Reilly.

24.     Independent journalism, whereby a reporter cannot be bought or intimidated, is a matter of great value to the public, and a matter of grave public concern.

25.     At all times, Barry Nolan exercised his right to express his opinion to a broad segment of the public in an effort to uphold the highest standards in journalism, and to act for the better good of CN8, the network, and the industry.  This is precisely the type of independent journalism that CN8 hired him to engage in during "Backstage with Barry Nolan".

26.     Nolan was terminated approximately two weeks into the second year of his two year contract.

27.     The Defendants' conduct breached Nolan's secured rights under the Massachusetts Civil Rights Statute.

6

28.     This termination has caused him economic harm by loss of rights secured by his contract of employment, and other consequential damages.

## COUNT 1

### Violation of Massachusetts Civil Rights Act (MCRA)

29.     Plaintiff incorporates as if fully set forth herein, paragraphs 1-28.

30.     Plaintiff is entitled to protection against interference by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment of rights secured by the constitution or laws of the Commonwealth of Massachusetts.

31.     Plaintiff has suffered damages as a result of his wrongful discharge for which he is entitled to recover injunctive relief, an award of compensatory money damages, an award of the costs of the litigation and reasonable attorneys' fees.

WHEREFORE, Plaintiff Barry Nolan prays this Court:

A.     Enter a judgment in Plaintiff's favor on all counts of this Complaint;

B.     Award Plaintiff all damages that he proves at trial to have suffered as a result of the Defendants' conduct;

C.     Award Plaintiff all costs, expenses and attorneys' fees he incurred in prosecuting his claims;

D.     Award Plaintiff all such other and further relief as justice may so require.

Plaintiff hereby demands a trial by jury on all claims so triable.

Respectfully Submitted,

Barry Nolan, by his Attorneys

Laura R. Studen, Esq., BBO #561835
Ellen J. Zucker, Esq., BBO #568051
BURNS & LEVINSON, LLP
125 Summer Street
Boston, MA 02110-1624
Telephone: 617-345-3000
Facsimile: 617-345-3299

Dated:  November 21, 2008

J:\Docs\42168\00000\01279685.DOC

8

12/15/2008 01:23 FAX                                                      ☑013

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET # MICV2008-04361-H

Courtroom Civil H • Ct Rm 520• 200 TradeCenter, Woburn

RE:   Nolan v CN8 Comcast Network et al

TO:   Laura R Studen, Esquire
      Burns & Levinson LLP
      125 Summer Street
      Boston, MA 02110-1624

### SCHEDULING ORDER FOR A TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue by **11/09/2011**

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 02/22/2009 | 02/22/2009 | |
| Response to the complaint filed (also see MRCP 12) | | 03/24/2009 | |
| All motions under MRCP 12, 19, and 20 | 03/24/2009 | 04/23/2009 | 05/23/2009 |
| All motions under MRCP 15 | 01/18/2010 | 02/17/2010 | 02/17/2010 |
| All discovery requests and depositions served and non-expert depositions completed | 11/14/2010 | | |
| All motions under MRCP 56 | 12/14/2010 | 01/13/2011 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/13/2011 |
| Case shall be resolved and judgment shall issue by **11/09/2011** | | | 11/09/2011 |

- The final pre-trial deadline is not the scheduled date of the conference.
- You will be notified of that date at a later time.
- Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

Dated: 11/26/2008

Michael A. Sullivan
Clerk of the Court

T~lephone: 781-939-2772

12/15/2008 01:23 FAX                                                    ☑014

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 08- 4361 | Trial Court of Massachusetts Superior Court Department County: Middlesex |
|---|---|---|

| PLAINTIFF(S) Barry Nolan | DEFENDANT(S) CN8, The Comcast Network, Eileen Dolente, Jon Gorchow |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 617-345-3000 Laura Studen (BBO# 561835)Ellen Zucker (BBO# 568051) Burns & Levinson,LLP, 125 Summer Street, Boston, MA 02110 Board of Bar Overseers number: | ATTORNEY (if known) Andrew C. Topping, One Comcast Center Philadelphia, PA 19103 |

### Origin code and track designation

Place an x in one box only:

☒ 1. F01 Original Complaint
☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
☐ 3. F03 Retransfer to Sup.Ct.C.231,s.102C (X)

☐ 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
☐ 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E17 | G.L.c.12§11(I). | ( A ) | ( X )Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
                                                                          Subtotal $. . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . $207,620 . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . $. . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
F. Other documented items of damages (describe)
                                                                                $. . . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Injunctive and other apppropriate equitable relief, including
   compensatory money damage
                                                                          $1,000,000 . . . .
                                                            TOTAL $1,207,620 . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):


                                                                     TOTAL $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT            None

". . reby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____            DATE: 11/31/08

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000